UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MADELINE ARIZMENDI,

                Plaintiffs,

  -against-

PERFORMANCE FOOD GROUP, INC. and "JOHN DOE," said name being fictitious and unknown and intended to be the individual who was the operator of a certain motor vehicle described herein

                Defendants.
---------------------------------------------------------------X

Case No. 24-cv-2723

**NOTICE OF REMOVAL**

      Removing defendant, PERFORMANCE TRANSPORTATION, LLC, improperly pleaded as PERFORMANCE FOOD GROUP, INC., by and through its attorneys, Law Offices of John C. Lane, allege upon information and belief as follows:

      1.     Plaintiff has commenced an action in the Supreme Court of the State of New York, County of Bronx, against the removing defendant by filing a Summons and Verified Complaint on April 11, 2023. A true copy of the Summons and Verified Complaint in said action is annexed hereto, as **Exhibit A**.

      2.     Plaintiff ascribed venue to the County of Bronx pursuant to CPLR 503[a] because that is where a substantial part of the events or omissions giving rise to the claim allegedly occurred.

      3.     The verified complaint alleges that plaintiff Madeline Arizmendi was caused to sustain certain injuries and damages as a result of the alleged negligence of defendant on or about February 14, 2023.

      4.     Plaintiff Madeline Arizmendi is a resident of Bronx County, State of New York.

      5.     Removing defendant Performance Transportation, LLC is a Delaware limited liability

company having its principal place of business in Richmond, Virginia. Its two Members are Performance Food Group, Inc. (99 percent) and PFST Holding Co. (1 percent). PFST Holding Co. is a Delaware corporation having its principal place of business in Richmond, Virginia, and is a wholly-owned subsidiary of Performance Food Group, Inc. Performance Food Group, Inc. is a Colorado corporation having its principal place of business in Richmond, Virginia.

6. Performance Food Group, Inc., in turn, is indirectly wholly-owned by Performance Food Group Company, a publicly held Delaware corporation having its principal place of business in Richmond, Virginia.

7. Neither Performance Transportation, LLC, Performance Food Group, Inc., nor PFST Holding Co. is a resident or citizen of the State of New York.

8. Thus, there is complete diversity of citizenship between defendant Performance Transportation, LLC, each of its Members, and plaintiff Madeline Arizmendi, who is a resident and citizen of the State of New York. In addition, no Member of Performance Transportation, LLC is a resident or citizen of the State of New York.

9. Removing defendant was served with the Summons and Verified Complaint via the New York Secretary of State on April 17, 2023.

10. The parties entered into a stipulation extending defendant's time to answer to May 31, 2023. Removing defendant filed its Answer on May 31, 2023. Included with defendant's filed Answer was a Request for Supplemental Demand for Damages Sought. A copy of the Answer with the Request is annexed hereto as **Exhibit B**.

12. On April 5, 2024, Isaac A. Arasteh, Esq., attorney for plaintiff, verbally provided the undersigned with a demand in excess of $75,000.

13. On April 8, 2024, the undersigned memorialized the verbal demand in writing, via

email, to Mr. Arasteh. On April 9, 2024, Mr. Arasteh confirmed the verbal demand in writing, via reply email, to the undersigned. A copy of the email exchange is annexed here to as **Exhibit C**. This Notice of Removal is being filed less than thirty days from the both day the verbal demand was made and the day the demand was confirmed in writing.

14. There is complete diversity between the plaintiff and removing defendant, and no defendant is a resident or citizen of the State of New York. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. The demand was received less than thirty days before the filing of this Notice of Removal. Therefore, the filing of this Notice of Removal is timely.

15. This Notice of Removal is also being filed not more than one year from the commencement of the state court action.

16. Accordingly, this Honorable Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332, and removing defendants are entitled to removal of this action pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, removing defendant, PERFORMANCE TRANSPORTATION, LLC, improperly pleaded as PERFORMANCE FOOD GROUP, INC., hereby gives notice of the removal of plaintiff's action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated: New York, New York
       April 10, 2024

Yours, etc.

LAW OFFICES OF JOHN C. LANE

s/ Peter C. Bobchin
_____
PETER CACCAMO-BOBCHIN (PB 6706)
Attorneys for Defendant
Performance Transportation, LLC,
improperly pleaded as Performance Food Group, Inc.
48 Woodport Road, Suite 1
Sparta, NJ 07871
973-512-3244
**Our File: PFG.2355**