SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------X

MADELINE ARIZMENDI,

                               Plaintiffs,

    -against-

PERFORMANCE FOOD GROUP, INC. and "JOHN
DOE," said  name being fictitious and unknown and intended
to be the individual who was the operator of a certain motor
vehicle described herein

                            Defendants.

---------------------------------------------------------------X

Index No. 805703/2023E

**VERIFIED ANSWER with
AFFIRMATIVE DEFENSES**

Defendant    PERFORMANCE   TRANSPORTATION, LLC   improperly   pleased   as

PERFORMANCE FOOD GROUP, INC., (hereinafter "PERFORMANCE TRANSPORTATION")

answering the Complaint by and through its attorneys, Law Offices of John C. Lane, alleges upon

information and belief as follows:

1.      This answering defendant admits that PERFORMANCE TRANSPORTATION, is a

Delaware limited liability company having its principal place of business in Richmond, Virginia, and is

authorized to do business in the State of New York;  except as  so specifically admitted  herein this

answering defendant denies the remaining allegations contained in paragraph 1 of plaintiff's complaint.

2.      This answering defendant denies the allegations set forth in paragraph 2 of plaintiff's

complaint.

3.      This answering defendant admits that PERFORMANCE TRANSPORTATION, is a

Delaware limited liability company having its principal place of business in Richmond, Virginia, and is

authorized to do business in the State of New York;  except as  so specifically admitted  herein this

Case 1:24-cv-02723-JLR    Document 1-2    Filed 04/10/24    Page 2 of 10

answering defendant denies the remaining allegations contained in paragraph 3 of plaintiff's complaint.

4.      This answering defendant denies the allegations set forth in paragraph 4 of the complaint.

5.      This answering defendant admits that PERFORMANCE TRANSPORTATION, is a Delaware limited liability company having its principal place of business in Richmond, Virginia, and is authorized to do business in the State of New York;  except as  so specifically admitted  herein this answering defendant denies knowledge or information sufficient to form a belief as to the  remaining allegations contained in paragraph 5 of plaintiff's complaint, and leaves all questions of law to the Court for determination.

6.      This answering defendant denies the allegations set forth in paragraph 6 of plaintiff's complaint.

7.      This answering defendant denies the allegations set forth in paragraph 7 of plaintiff's complaint.

8.      This answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of plaintiff's complaint, and leaves all questions of law to the Court for determination.

9.      This answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of plaintiff's complaint, and leaves all questions of law to the Court for determination.

10.     This answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of plaintiff's complaint, and leaves all questions of law to the Court for determination.

11.     This answering defendant admits that PERFORMANCE TRANSPORTATION was the

registered owner of a tractor bearing Minnesota State license plate number PAU0224; except as so specifically admitted herein this answering defendant denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 11 of plaintiff's complaint, and leaves all questions of law to the Court for determination.

12.    This answering defendant admits that PERFORMANCE TRANSPORTATION was the registered owner of a tractor bearing Minnesota State license plate number PAU0224; except as so specifically admitted herein this answering defendant denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 12 of plaintiff's complaint, and leaves all questions of law to the Court for determination.

13.    This answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of plaintiff's complaint, and leaves all questions of law to the Court for determination.

14.    This answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of plaintiff's complaint, and leaves all questions of law to the Court for determination.

15.    This answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of plaintiff's complaint, and leaves all questions of law to the Court for determination.

16.    This answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of plaintiff's complaint, and leaves all questions of law to the Court for determination.

17.    This answering defendant denies knowledge or information sufficient to form a belief as

to the allegations contained in paragraph 17 of plaintiff's complaint, and leaves all questions of law to the

Court for determination.

18.     This answering defendant denies knowledge or information sufficient to form a belief as

to the allegations contained in paragraph 18 of plaintiff's complaint, and leaves all questions of law to the

Court for determination.

19.     This answering defendant denies knowledge or information sufficient to form a belief as

to the allegations contained in paragraph 19 of plaintiff's complaint, and leaves all questions of law to the

Court for determination.

20.     This answering defendant denies knowledge or information sufficient to form a belief as

to the allegations contained in paragraph 20 of plaintiff's complaint, and leaves all questions of law to the

Court for determination.

21.     This answering defendant denies knowledge or information sufficient to form a belief as

to the allegations contained in paragraph 21 of plaintiff's complaint, and leaves all questions of law to the

Court for determination.

22.     This answering defendant denies knowledge or information sufficient to form a belief as

to the allegations contained in paragraph 22 of plaintiff's complaint, and leaves all questions of law to the

Court for determination.

23.     This answering defendant denies knowledge or information sufficient to form a belief as

to the allegations contained in paragraph 23 of plaintiff's complaint, and leaves all questions of law to the

Court for determination.

24.     This answering defendant denies knowledge or information sufficient to form a belief as

to the allegations contained in paragraph 24 of plaintiff's complaint, and leaves all questions of law to the

Case 1:24-cv-02723-JLR   Document 1-2   Filed 04/10/24   Page 5 of 10

Court for determination.

25.     This answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of plaintiff's complaint

26.     This answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of plaintiff's complaint.

27.     This answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of plaintiff's complaint.

28.     This answering defendant denies the allegations set forth in paragraph 28 of plaintiff's complaint.

29.     This answering defendant denies the allegations set forth in paragraph 29 of plaintiff's complaint.

30.     This answering defendant denies the allegations set forth in paragraph 30 of plaintiff's complaint.

31.     This answering defendant denies the allegations set forth in paragraph 31 of plaintiff's complaint.

32.     This answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of plaintiff's complaint, and leaves all questions of law to the Court for determination.

33.     This answering defendant denies the allegations set forth in paragraph 33 of plaintiff's complaint.

## FIRST AFFIRMATIVE DEFENSE

In the event the plaintiff's damages, as alleged in the complaint, were caused, in whole or in part,

by the culpable conduct of the plaintiff, then the amount of damages otherwise recoverable by the plaintiff should be extinguished or reduced in the proportions which the culpable conduct attributable to plaintiff bear to the culpable conduct which caused the damages.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by virtue of Insurance Law §5104(a) in that plaintiff has not sustained a serious injury as defined in Insurance Law §5102(d).

### THIRD AFFIRMATIVE DEFENSE

The injuries complained of by the plaintiff were caused in whole or in part or were rendered more severe by virtue of the fact that plaintiff failed to utilize the seat belts, shoulder harnesses or other restraining devices attached to the vehicle in which plaintiff was riding at the time that the accident occurred.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to mitigate her damages; this answering defendant bears no liability for damages which would otherwise have been avoided or prevented.

### FIFTH AFFIRMATIVE DEFENSE

In the event of any judgment or verdict on behalf of the plaintiff, this answering defendant is entitled to a set-off or verdict with respect to the amounts of any payments made to the plaintiff for medical, dental, custodial care or rehabilitation, loss of earnings and other economic losses, and expenses prior thereto pursuant to § 4545 of the CPLR.

### SIXTH AFFIRMATIVE DEFENSE

If plaintiff sustained injuries as a result of the allegations contained in the Complaint, said injuries were caused, in whole or in part, by the neglect or other fault on the part of others for whose conduct this defendant is not responsible.

INDEX NO. 805703/2023E
RECEIVED NYSCEF: 05/31/2023

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred against this answering defendant, or these defendants' liability, if any, is limited in accordance with CPLR 1601.

## EIGHT AFFIRMATIVE DEFENSE

The Complaint must be dismissed by reason of the failure of the plaintiff to join an indispensable party.

WHEREFORE, defendant demands judgment dismissing the Complaint of plaintiff in its entirety, with prejudice, and together with costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

## REQUEST FOR SUPPLEMENTAL DEMAND FOR DAMAGES SOUGHT

Defendant hereby requests pursuant to CPLR § 3017( c), that within 15 days of the date of this request, plaintiff serve upon defendant's counsel a supplemental demand setting forth the total damages to which plaintiff claims to be entitled herein.

Dated: New York, New York
       May 31, 2023

Yours, etc.

LAW OFFICES OF JOHN C. LANE

s/ *Peter C. Bobchin*
_____
PETER C. BOBCHIN
Law Offices of John C. Lane
Attorneys for Defendant Performance Transportation, LLC improperly pleased as Performance Food Group, Inc.
30 Wall Street, 8th Floor
New York, NY 10005
212-363-8048

**Please reply to:**
48 Woodport Road, Suite 1
Sparta, NJ 07871
**Our File: PFG.2355**

TO:     Ronny Solomon, Esq.
        OMRANI & TAUB, P.C.
        Attorneys for Plaintiff
        488 Madison Avenue – 20th Floor
        New York, New York 10022
        (212) 599-5550

## **VERIFICATION**

The undersigned, an attorney admitted to practice in the State of New York, affirms that the undersigned is the attorney for Defendant Performance Transportation, LLC improperly pleased as Performance Food Group, Inc. in the within action; that the undersigned has read the foregoing Answer to the Complaint and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by defendants is that the defendants maintains a principal place of business outside the county and state where the undersigned maintains its offices.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge, are as follows: books, records, correspondence, investigation, and other documentation in the possession of the undersigned.

The undersigned affirms that the foregoing statements are true, under penalty of perjury.

Dated: May 31, 2023

s/ *Peter C. Bobchin*
_____
PETER C. BOBCHIN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

MADELINE ARIZMENDI,

Index No. 805703/2023E

Plaintiffs,

-against-

PERFORMANCE FOOD GROUP, INC. and "JOHN DOE,"
said  name being fictitious and unknown and intended to be
the individual who was the operator of a certain motor vehicle
described herein

Defendants.

---

**ANSWER WITH AFFIRMATIVE DEFENSES**

**LAW OFFICES OF JOHN C. LANE**

Attorney for Defendants  Performance Transportation, LLC improperly pleased as Performance Food Group, Inc.

140 Broadway, 46th Floor, PMB 46013

New York, New York 10005

(212) 363-8048

To:

## Attorney(s) for Plaintiff

Service of a copy of the within            is hereby admitted.

DATED:

---------------------------------------

## Attorney(s) for

Sir:- Please take notice

NOTICE OF ENTRY

that the within is a (certified) true copy of a

duly entered in the office of the clerk of the within named court on            20___

NOTICE OF SETTLEMENT

that an order          of which the within is a true copy will be presented for settlement to the HON.          one of the judges of the within named court, at                    on

          20__    at    M.

DATED: May 31, 2023                    Yours, etc.

                                       John C. Lane, Esq.
                                       **LAW OFFICES OF JOHN C. LANE**
                                       Attorneys for defendants,Performance Transportation, LLC
                                       improperly pleased as Performance Food Group, Inc. 140
                                       Broadway, 46th Floor, PMB 46013
                                       New York, NY  10005
                                       212-363-8048
                                       Our File: PFG.2355