UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MADELINE ARIZMENDI,

                Plaintiff,

-against-

PERFORMANCE FOOD GROUP, INC., and
"JOHN DOE," said name being fictitious and
unknown and intended to be the individual
who was the operator of a certain motor
vehicle described herein,

                Defendants.

Case No. 1:24-cv-02723 (JLR)

**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Madeline Arizmendi ("Plaintiff") brought this action asserting a claim for

negligence against Defendants Performance Transportation, LLC ("Defendant") — improperly

pleaded as Performance Food Group, Inc. — and a John Doe Defendant who was never

identified or served.[1]  Before the Court is Plaintiff's motion for partial summary judgment on the

---

[1] The Court dismisses the John Doe Defendant from this action.  "It is well-established that "[u]sing 'Doe' in place of specifically naming a defendant does not serve to sufficiently identify the defendant." *McFadden v. City of New York*, No. 19-cv-05508 (DEH), 2025 WL 2793680, at *8 (S.D.N.Y. Sept. 30, 2025) (alteration in original) (quoting *Coward v. Town & Vill. of Harrison*, 665 F. Supp. 2d 281, 300 (S.D.N.Y. 2009)).  "Nonetheless, '[c]ourts typically resist dismissing suits against John Doe defendants until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials.'"  *Id.* (alteration in original) (quoting *Coward*, 665 F. Supp. 2d at 300).  Where, as here, the "plaintiff 'has had ample time to identify' a John Doe defendant but gives 'no indication that he has made any effort to discover the defendant's name,' . . . the plaintiff 'simply cannot continue to maintain a suit against' the John Doe defendant." *Coward*, 665 F. Supp. 2d at 300 (alteration adopted) (quoting *Kearse v. Lincoln Hosp.*, No. 07-cv-04730 (PAC) (JCF), 2009 WL 1706554, at *3 (S.D.N.Y. June 17, 2009)); *accord McFadden*, 2025 WL 2793680, at *8; *Gayot v. Maldonado*, No. 14-cv-04339 (RPK) (AYS), 2024 WL 5239203, at *7 (E.D.N.Y. Dec. 28, 2024).  This action was filed on April 11, 2023, Dkt. 1-1, and despite having ample to time to name or otherwise identify the John Doe Defendant, Plaintiff has not done so.  Thus, the Court dismisses the John Doe Defendant from the action.

issue of liability and for judgment on all of Defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure ("Rule") 56, the latter characterized as a motion to strike.

For the reasons that follow, the Court GRANTS Plaintiff's motion for partial summary judgment on the issue of liability, and GRANTS in part and DENIES in part Plaintiff's motion with respect to Defendant's affirmative defenses.

## BACKGROUND

The following facts are drawn from the parties' Local Rule 56.1 statements and responses. *See* Dkt. 32-1 ("JSUF"); Dkt. 32-2 ("Pl. SUF"); Dkt. 39-1 ¶¶ 1-18 ("Def. RSUF"); Dkt. 39-1 ¶¶ 19-33 ("Def. SUF"); Dkt. 40-1 ("Pl. RSUF").  Citations to Rule 56.1 statements incorporate by reference the record evidence cited therein as well as the opposing party's admission of a given fact.[2]   The Court draws the record evidence from the Declarations of James L. Forde and Peter Caccamo-Bobchin and the exhibits attached thereto.  Dkt. 31 ("Forde Decl."); Dkt. 38 ("Caccamo-Bobchin Decl.").

### I.    Factual Background

This action stems from a rear-end collision at an entrance ramp to the Cross-Bronx Expressway/I-95 North in Bronx County, New York.  JSUF ¶ 1.  On February 14, 2023, two vehicles sought to merge onto I-95 via an entrance ramp, Def. RSUF ¶ 4; Forde Decl., Ex. 10 ("Hood Dep.") at 25:6-17, which was controlled by a yield sign, Def. RSUF ¶ 5; Forde Decl., Ex. 6 ("Dash Cam Footage").  The front vehicle, a black 2022 Mitsubishi Outlander, was operated by Plaintiff, JSUF ¶ 2, and the rear vehicle, a 2019 Freightliner tractor hauling a trailer,

---

[2] Where facts stated in a party's Rule 56.1 statement are supported by admissible record evidence and denied by a conclusory statement by the other party without citation to conflicting admissible record evidence, the Court deems such facts as admitted.  *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."); *accord Kesner v. Buhl*, 590 F. Supp. 3d 680, 691 (S.D.N.Y. 2022).

was operated by Robert Hood ("Hood"), a non-party employee of Defendant, *id.* ¶ 3.  In addition to Hood, Robert Rippeth, a non-party employee of Defendant, was a passenger in the rear vehicle.  *See Id.* ¶ 12.  As Plaintiff approached the yield sign at the entrance ramp to the highway, a white semi-truck passed in the lane adjacent to the entrance ramp, and she began braking.  Def. RSUF ¶ 7; Forde Decl., Ex. 6; *see* Forde Decl., Ex. 8 ¶ 4 ("Arizmendi Aff.").  Hood saw Plaintiff's brake lights, and his vehicle subsequently collided with the rear of Plaintiff's car.  JSUF ¶¶ 5-6.  Dashboard camera footage from the rear vehicle, which shows the accident, was submitted to the Court.  *See* Dash Cam Footage.

## II.    Procedural Background

Plaintiff commenced this action in New York State Supreme Court, Bronx County, on April 11, 2023, claiming damages for her injuries in the collision.  Dkt. 1-1.  Defendant answered the complaint on May 31, 2023, asserting eight affirmative defenses.  Dkt. 1-2.  Then, on April 10, 2024, Defendant timely removed this action to federal court, where it was assigned to the undersigned.  Dkt. 1.  After the conclusion of discovery, on September 16, 2025, Plaintiff moved for partial summary judgment on the issue of liability and to strike Defendant's affirmative defenses.  Dkt. 30 ("Mot."); Forde Decl.; Dkt. 32 ("Br."); Pl. SUF.  Defendant opposed on September 30, 2025, Caccamo-Bobchin Decl.; Dkt. 39 ("Opp."); Def. RSUF; Def. SUF, and Plaintiff replied on October 7, 2026, Dkt. 40 ("Reply"); Pl. RSUF.  The motion is fully briefed.

## LEGAL STANDARD

Under Rule 56, a moving party is entitled to summary judgment if, on any claim or defense, that party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,'" and "[a] dispute is 'genuine' if

3

'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rosen v. UBS Fin. Servs. Inc.*, No. 22-cv-03880 (JLR), 2023 WL 6386919, at *4 (S.D.N.Y. Sept. 29, 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"'The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists,' but 'when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to' an absence of evidence 'on an essential element of the nonmovant's claim.'" *Bustamante v. KIND, LLC*, 100 F.4th 419, 432 (2d Cir. 2024) (quoting *Souza v. Exotic Island Enters.*, Inc., 68 F.4th 99, 108 (2d Cir. 2023)). If the moving party meets this burden, then "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). However, "[a] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2nd Cir. 1995).

In ruling on a motion for summary judgment, the Court must view "the evidence in the light most favorable to the non-moving party" and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 (2d Cir. 2019) (first quoting *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 118 (2d Cir. 2001); and then quoting *Johnson v. Goord*, 445 F.3d 532, 534 (2d Cir. 2006)). To defeat a motion for summary judgment, the nonmoving party must advance more than "a scintilla of evidence," *Liberty Lobby*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**DISCUSSION**

Plaintiff argues that partial summary judgment on the issue of liability is warranted because Defendant is presumptively liable under New York Law. Br. at 6-16. She further asserts that she is entitled to summary judgment on Defendant's affirmative defenses. *Id.* at 16-17. The Court addresses each argument in turn.

## I. Partial Summary Judgment on Liability

Plaintiff argues that partial summary judgment on the issue of liability is warranted because, under New York law, a rear-end collision establishes a prima facie case of liability against the rear vehicle driver. Br. at 6-10. Under New York law, "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle." *Waide v. ARI Fleet, LT*, 39 N.Y.S.3d 512, 514 (N.Y. App. Div. 2016); *see also Randhawa v. Otero*, No. 22-cv-10479 (KMK), 2024 WL 4150335, at *5 (S.D.N.Y. Sept. 11, 2024) ("New York law regarding rear-end collisions is straightforward: 'a rear-end collision establishes a prima facie case of liability against the rear vehicle and imposes a duty of explanation on the operator of that vehicle.'" (quoting *Munoz v. 640, LLC*, No. 19-cv-05751 (BMC), 2021 WL 1176168, at *1 (E.D.N.Y. Mar. 29, 2021)). "'This presumption arises both from common law principles and from New York Vehicle and Traffic Law,' both of which establish that an approaching driver must maintain a reasonably safe rate of speed and exercise reasonable care to avoid a collision." *Randhawa*, 2024 WL 4150335, at *5 (quoting *Schultz v. Chen*, No. 17-cv-08917 (RWS), 2018 WL 1413075, at *2 (S.D.N.Y. Mar. 20, 2018)); *see also* N.Y. Veh. & Traf. Law § 1129(a) ("The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."). "A defendant may overcome this presumption by 'providing a non-negligent explanation for the collision, such as a

5

mechanical failure, unavoidable skidding on wet pavement, or a sudden stop of the vehicle ahead.'" *Randhawa*, 2024 WL 4150335, at *5 (quoting *Schultz*, 2018 WL 1413075, at *2); *accord Quintanilla v. Mark*, 177 N.Y.S.3d 687, 689 (N.Y. App. Div. 2022).

The undisputed facts here establish a prima facie case for liability. Defendant's employee, Hood, was operating the rear vehicle that collided with Plaintiff's front vehicle. JSUF ¶ 6. Nonetheless, Defendant argues that a triable issue of fact exists as to whether Plaintiff suddenly stopped and whether that stop caused the accident. Opp. at 5-9. Plaintiff responds that she did not completely stop, but even if she did, that is not a sufficient non-negligent reason to defeat summary judgment. Reply at 7-9. The Court agrees with Plaintiff.

"[S]udden stops or slow-downs may rebut the presumption of negligence, but only if they were 'unexpected.'" *Randhawa*, 2024 WL 4150335, at *5 (quoting *Astorga v. Allstate Oil Recovery, Co.*, No. 16-cv-05068 (SN), 2018 WL 1441377, at *2 (S.D.N.Y. Mar. 22, 2018)). For example, "[u]nexpected or unforeseeable slowdowns may be entirely 'needless,' result from unobservable 'road conditions,' or may follow from unanticipated events like a deer jumping into the road." *Id.* at *6 (citations omitted) (first quoting *Hong v. Maher*, No. 02-cv-07825 (RWS), 2004 WL 771127, at *3 (S.D.N.Y. Apr. 13, 2004); and then quoting *Ortiz v. Rosner*, 817 F. Supp. 348, 351 (S.D.N.Y. 1993)). "By contrast, 'vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows.'" *Id.* at *5 (quoting *Quintanilla*, 177 N.Y.S.3d at 689); *accord Lhotan v. Cahill*, No. 22-cv-07681 (VB), 2025 WL 2051625, at *7 (S.D.N.Y. July 22, 2025); *see also Waide*, 39 N.Y.S.3d at 514 ("While a nonnegligent explanation for a rear-end collision may include evidence of a sudden stop of the lead vehicle, vehicle stops which are foreseeable under the prevailing traffic conditions must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead.").

"[S]udden stops are routinely held foreseeable in 'heavy traffic' or where there is a visible lane closure or other obstruction ahead." *Randhawa*, 2024 WL 4150335, at *6.

Applying these principles here, Plaintiff's stop was foreseeable under the circumstances. New York law requires that "[t]he driver of a vehicle approaching a yield sign shall in obedience to such sign slow down to a speed reasonable for existing conditions, or shall stop if necessary." N.Y. Veh. & Traf. Law § 1142(b). The parties agree that the entrance ramp was controlled by a yield sign, Def. RSUF ¶ 5, Hood's vehicle collided with Plaintiff's car right before that yield sign, *see* Dash Cam Footage, and at least one truck was driving in the lane adjacent to the entrance ramp onto the highway where Plaintiff was attempting to merge, *see* Def. RSUF ¶ 7; Dash Cam Footage; *see* Arizmendi Aff. ¶ 4. Under these circumstances, Defendant's employee Hood should have expected that Plaintiff might stop and should have maintained a safe distance between his vehicle and Plaintiff's vehicle. *See, e.g.*, *Astorga*, 2018 WL 1441377, at *3 (finding that rear driver failed to rebut the presumption of liability where he admitted "there was stop-and-go traffic" and "the light was turning yellow," and he, therefore, "should have been ready for [the front car] to stop"); *Johnson v. Phillips*, 690 N.Y.S.2d 545, 547 (N.Y. App. Div. 1999) (noting that the presumption of rear-vehicle negligence "has been applied when the front vehicle stops suddenly in slow-moving traffic, even if the sudden stop is repetitive, when the front vehicle, although in stop-and-go traffic, stopped while crossing an intersection" (citations omitted)); *Johnston v. Spoto*, 850 N.Y.S.2d 204, 205 (N.Y. App. Div. 2008) (granting summary judgment to plaintiff where plaintiff "had been at a complete stop at a stop sign at the end of the exit ramp when he was struck in the rear by the defendant's vehicle" and defendant's non-negligent reason was that plaintiff's "vehicle stopped short").

*Turnbull v. Powell*, 953 N.Y.S.2d 554 (Table), 2012 WL 1816198 (N.Y. Sup. Ct. May 17, 2012), is illustrative. In *Turnbull*, like here, the plaintiff "was on [a highway] ramp and

7

obeying a yield sign and slowing to yield to oncoming traffic when the defendant's vehicle struck the rear of her vehicle." 2012 WL 1816198, at *1.  The Court granted summary judgment on liability, noting that because the plaintiff "was in the process of yielding to oncoming traffic as she was entering an interstate," the defendant driver had a duty to maintain a safe distance to avoid such a collision.  *See id.* at 2.  Such is the case here.

Although Defendant contends that there are factual disputes as to whether Plaintiff stopped suddenly as opposed to slowing down, *see* Def. SUF ¶¶ 23, 26; *see also* Hood Dep. at 27:23-28:3, 29:3-5; Dash Cam Footage, and whether there was approximately half a mile to three-quarters of a mile of road left on the entrance ramp after the yield sign, *see* Def. SUF ¶ 27; *see also* Forde Decl., Ex. 11 ("Rippeth Dep.") at 21:2-7, these disputes do not preclude partial summary judgment.  It is undisputed that Plaintiff was coming up to a yield sign and, even if Defendant's version of events is credited, she stopped at the yield sign before she merged onto the highway.  Stopping at a yield sign before merging onto a highway is not unforeseeable or unexpected.  *See* N.Y. Veh. & Traf. Law § 1142(b) (providing that drivers approaching yield signs may "stop if necessary").  That is particularly the case where, as here, a large truck was approaching in the directly adjacent lane.  While Defendant may assert a comparative negligence defense at a trial for damages, such an affirmative defense does not preclude summary judgment on the issue of liability.  *Rodriguez v. City of New York*, 101 N.E.3d 366, 373 (2018) (holding that "to obtain partial summary judgment on defendant's liability [plaintiff] does not have to demonstrate the absence of his own comparative fault").

Defendant's cited cases denying summary judgment on liability are inapposite because they involve instances where there was a sudden stop for no apparent reason.  *See, e.g.*, *Correa v. Cannon*, 235 N.Y.S.3d 695, 697 (N.Y. App. Div. 2025) (reversing grant of partial summary judgment when defendant presented evidence that plaintiff "was solely at fault in causing the

8

accident by making a sudden stop for no apparent reason in the middle of their lane of traffic on the highway"); *Gallt v. Nelk*, 239 N.Y.S.3d 854, 857 (N.Y. App. Div. 2025) (finding that the parties' deposition testimony presented a triable issue of fact whether front car's "sudden deceleration or stop was unforeseeable under the prevailing traffic conditions inasmuch as it occurred 'in a travel lane of a busy highway where vehicles could reasonably expect that traffic would continue unimpeded'" (quoting *Tutrani v. Cnty. of Suffolk*, 891 N.E.2d 726, 727 (N.Y. 2008)); *Laureano v. EAN Holdings, LLC*, 207 N.Y.S.3d 153, 156 (N.Y. App. Div. 2024) (finding summary judgment was inappropriate when there were triable issues of fact as to whether the rear "vehicle proximately caused the accident by coming to a sudden stop in the middle of the block for no apparent reason when there were no vehicles traveling in front of it"). Unlike in those cases, Plaintiff here had a reason to stop prior to merging into an expressway: the yield sign that could result in a stop. *See* N.Y. Veh. & Traf. Law § 1142(b). In analogous situations, courts regularly find sudden stops at yellow traffic lights — where cars may proceed or stop — insufficient to defeat summary judgment in rear-end collision cases. *See, e.g.*, *Catanzaro v. Edery*, 101 N.Y.S.3d 170, 172 (N.Y. App. Div. 2019) ("Even if, as the defendant driver asserted, the plaintiff had come to a sudden stop at the traffic light, the defendant driver should have anticipated that the plaintiff's vehicle might come to a stop at the intersection, especially where, according to the defendant driver's own affidavit, the traffic light already turned yellow."); *Tumminello v. City of New York*, 49 N.Y.S.3d 739, 741 (N.Y. App. Div. 2017) (finding a sudden stop was not a non-negligent reason where "the other vehicle came to a sudden stop at the subject intersection's yellow traffic light, [and the rear-driver] should have anticipated that the other vehicle might come to a stop at the intersection"). Accordingly, Plaintiff's motion for summary judgment on liability is granted.

9

II.     **Motion for Judgment on Defendant's Affirmative Defenses**

Plaintiff next moves for summary judgment on Defendant's affirmative defenses.  Br. at

16-17.  "Where a plaintiff uses a summary judgment motion, in part, to challenge the legal

sufficiency of an affirmative defense — on which the defendant bears the burden of proof at

trial — a plaintiff 'may satisfy its Rule 56 burden by showing 'that there is an absence of

evidence to support an essential element of the non-moving party's case.'" *F.D.I.C. v.*

*Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (alterations adopted) (quoting *DiCola v. SwissRe*

*Holding (N. Am.), Inc.*, 996 F.2d 30, 32 (2d Cir. 1993)); *accord Mangahas v. Eight Oranges Inc.*,

754 F. Supp. 3d 468, 483 (S.D.N.Y. 2024).  "While whatever evidence there is to support an

essential element of an affirmative defense will be construed in a light most favorable to the non-

moving defendant, there is 'no express or implied requirement in Rule 56 that the moving party

support its motion with affidavits or other similar materials negating the opponent's claim.'"

*Giammettei*, 34 F.3d at 54 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *accord*

*Smith v. Interstate Mgmt. Co. LLC*, No. 20-cv-10867 (KPF), 2022 WL 4537947, at *9 (S.D.N.Y.

Sept. 28, 2022).  "After all, in cases where there is an absence of evidence to support an essential

element of a defense, with respect to that defense, 'there can be no genuine issue as to any

material fact since a complete failure of proof concerning an essential element of the

[defendant's affirmative defense] necessarily renders all other facts immaterial." *Giammettei*, 34

F.3d at 54-55 (quoting *Celotex*, 477 U.S. at 323).

Plaintiff seeks to strike the eight Affirmative Defenses in Defendant's answer:

(1) culpable conduct of Plaintiff; (2) New York's Insurance Law § 5104(a) defense owing to lack

of serious injury as defined in Insurance Law § 5102(d); (3) failure to use a seat belt, shoulder

harnesses, or other restraining device; (4) failure to mitigate damages; (5) set-off with respect to

the amounts of any payments made to the plaintiff for certain expenses; (6) negligence or fault

on the part of others for whose conduct Defendant is not responsible; (7) CPLR § 1601 limitations; and (8) failure to join an indispensable party.  Dkt. 1-2 at 5-8; Br. at 16-17. Defendant opposes, pointing to evidence in support of the First, Opp. at 12, Second, *id.* at 13-15, and Fifth, *id.* at 15-16, Affirmative Defenses.  In her Reply, Plaintiff concedes that Defendant has presented sufficient evidence to maintain those defenses for presentation to the jury.  *See* Reply at 11 ("Regarding the First Affirmative Defense of culpable conduct on the part of the plaintiff[,] [Defendant's] opposition papers set forth at least an arguable basis for this defense[.]"); *id.* ("[R]egarding the Second Affirmative Defense ("Serious Injury/Threshold")[,] the [Defendant] in opposition ha[s] at least raised a colorable issue to temporarily preserve this defense for the time of trial[.]"); *id*. at 12 ("The issue of whether a potential CPLR Sec. 4545 Set-Off might exist (Fifth Affirmative Defense) and/or the right of Ms. Arizmendi's No-Fault Insurance Carrier to recoup medical payments made on her behalf is an issue that can abide the event of a damages trial, so the Fifth Affirmative Defense can remain in place.").  Thus, the motion to strike is denied as to the First, Second, and Fifth Affirmative Defenses.

However, Plaintiff maintains that the Court should dismiss the remaining Affirmative Defenses because Defendant does not point to any evidence on the record in support of them.  *Id.* at 10-12.  The Court agrees that Defendant does not point to any affirmative evidence in support of its Third, Fourth, Sixth, Seventh, or Eighth Affirmative Defenses.  *Id.* at 13 ("Defendant acknowledges that the evidence in this case does not show negligence on the part of any non-parties that contributed to this accident, and does not intend to pursue th[e] [Sixth Affirmative Defense] at the time of trial."); *id.* at 16 (refusing to identify evidence on the record regarding the Third, Seventh, and Eighth affirmative defenses because Plaintiff never requested a "[bill of] particulars for these affirmative defenses").  Instead, Defendant asserts, without citing any authority, that it need not address the motion to strike defenses because Plaintiff did not demand

information related to those defenses in discovery. *Id.* at 9-12. This argument does not save Defendant's affirmative defenses from summary judgment. To defeat a motion to strike an affirmative defense at summary judgment, the burden is on Defendant to provide some evidence in support of the defense. Where, as here, the defendant fails to identify evidence on the record to meet this burden, courts may strike those unsupported affirmative defenses. *See, e.g.*, *Danaby Rentals, Inc. v. Mt. Hawley Ins. Co.*, No. 24-cv-03481 (JPC), 2026 WL 440758, at *19 (S.D.N.Y. Feb. 17, 2026) (striking several affirmative defenses at summary judgement because the defendant "does not point to any evidence" to support the defenses); *Wilmington PT Corp v. Danialian*, No. 19-cv-01972 (GRB) (JMW), 2023 WL 2632499, at *3 (S.D.N.Y. March 24, 2023) (granting motion to strike affirmative defenses where defendants "have not addressed or made any arguments in opposition" to plaintiff's challenges); *Smith*, 2022 WL 4537947, at *10 (dismissing affirmative defenses in a motion for summary judgment where "[d]efendants have wholly failed to address [p]laintiff's challenges to their affirmative defenses in their ten-page opposition brief"); *CAI Rail, Inc. v. Badger Mining Corp.*, No. 20-cv-04644 (JPC), 2021 WL 705880, at *8 (S.D.N.Y. Feb. 22, 2021) (granting a motion for summary judgment to strike certain affirmative defenses where defendant's failure to proffer evidence in response to plaintiff's evidence "shows that there is an absence of material fact supporting [defendant's] affirmative defenses"); *Maxim Grp. LLC v. Life Partners Holdings, Inc.*, 690 F. Supp. 2d 293, 310 (S.D.N.Y. February 11, 2010) (deeming affirmative defenses attacked by plaintiff and "not address[ed]" by defendant "abandoned"). Given that Defendant does not even attempt to point to evidence in support of its Third, Fourth, Seventh, and Eighth Affirmative Defenses, they are dismissed.

In sum, the Court denies the motion to strike as to Defendant's First, Second, and Fifth Affirmative Defenses, and grants the motion as to the Third, Fourth, Sixth, Seventh, and Eighth Affirmative Defenses.

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion for partial summary judgment as to liability is GRANTED.  The Court will address the pending *Daubert* motions, Dkt. 33, at the conference scheduled for **July 8, 2026**.

A trial on damages shall be held on **August 17, 2026, at 9:00 a.m.**  The parties shall submit the joint pretrial order and all pretrial materials pursuant to the Court's Individual Rules by **July 20, 2026**, with responses to any motions *in limine* due by **July 27, 2026**.  A final pretrial conference will be held on **August 4, 2026, at 2:00 p.m.**

Plaintiff's motion to strike Defendant's affirmative defenses is GRANTED in part and DENIED in part.  The motion to strike the Third, Fourth, Sixth, Seventh, and Eighth affirmative defenses is GRANTED.  The motion to strike Defendant's First, Second, and Fifth affirmative defenses is DENIED.  The John Doe Defendant is DISMISSED from this action.

The Clerk of the Court is respectfully directed to terminate the motions at Dkt. 30 terminate John Doe Defendant as a party.

Dated: July 2, 2026
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

13